Wrigi-it, J.,
delivered the opinion of the Court.
This is an action for forcible entry and detainer by Jones, Scott & Baker, against the plaintiffs in error, *483 in which a recovery was had for the land. The tract of land in dispute, is part of a tract sold under a de•cree of this Court, in 1855, for which, a writ of possession was issued in favor of John Porterfield, the purchaser, and was executed on the tenants; and possession was delivered to said Porterfield’s agent, Abner Phillips, on the 3rd of October, in the year aforesaid, by one Wright, then the Sheriff of Fentress County— the land being in that county. Immediately after the execution of the writ, one James T. Scott, who was one of the tenants dispossessed by the Sheriff, rented ■the chief part of the tract, including the field in dispute, of Porterfield, through his agent, Phillips, and entered into possession as the tenant of Porterfield, and has continued in possession ever since. He resided on the tract, about a mile from the field in dispute, which he cultivated, and continued to hold as the tenant of Porterfield, until the 3rd of September, 1857, when" he took a lease for the balance of that year, from ' the plaintiffs below, under the following circumstances: The said Jones, Scott & Baker, as the creditors of one Isaac Stockton, had, by a decree in the Chancery -Court, at Jamestown, upon a bill filed against him and others, (but towhich, Porterfield was not a party,) caused this tract of land, with various others, to be sold on the 14th of April, 1857, and became the purchasers thereof, and obtained from that Court a writ, in pursuance of the decree, to put them in possession of the land, as against all persons claiming by, through or under the said Isaac Stockton. This writ came to the hands of one Lee, Sheriff of Fentress County, who returned the same to the October Term, 1857, endorsed — that he had *484 executed the writ, by putting out the tenants, and among them, James T. Scott, and placing A. A. Swope, the agent of the plaintiffs, below, in possession. Ascertaining, however, that the said James T. Scott, and others, the tenants of Porterfield, ' did not claim by, through or under Isaac Stockton, and that, therefore, under the writ, he had no authority to dispossess them, the said Lee, the Sheriff, at the same term of the Court, under an order of the Court to that effect, amended his return by striking therefrom the names of the said James T. Scott, and other tenants of Porter-field, and restoring them fully, as before, to the possession of said tract of land. The said James T. Scott, who was examined as a witness for Jones, Scott & Baker, after testifying as to the lease, and holding under Porterfield, stated in substance: that when Lee, the Sheriff, came with the writ of possession to the residence of the witness, on the 3rd of September, 1857, the said Swope canje with him and received possession under the writ, for Jones, Scott & Baker, and immediately, on the same day, he took of said Swope, their agent, the lease before stated, and from thence held under them until after the next Term of the Chancery Court, at Jamestown, when one Northrop, the agent of Porterfield, saw him, and told him that the action of the Sheriff had been set aside; that he had amended his return, so that the possession of witness, under Jones, Scott & Baker, was wrong, and that Porterfield's, right was the best; whereupon, he said to Northrup, that he desired to live on the place, and if Porterfield's claim was the true one, he would hold under him, rather than be put off, and for some short time, he did *485 bold under Porterfield; but soon after, was informed by the Clerk & Master of the Court, that no writ of restitution had been awarded, and the amended return of the Sheriff was a nullity, and did not change the rights of the parties; and he also saw Mr. Swope, who directed him to hold the possession, and keep up the fences for Jones, Scott & Baker, which witness agreed to do, and did; and, while so in possession, about the 1st of April, 1858, the plaintiffs in error came into possession of the land in dispute against his will; his fodder stacks being' fenced up in a pen in the field, and went to plowing, and made a crop, and were in possession, claiming under Porterfield. When the warrant issued, on the 11th of October, 1858, witness tended a part of the field that year, and plaintiffs in error, the balance; and at the time they come in, they held and claimed for Jones, Scott & Baker, and have so held and claimed ever since. The Sheriff and Swope did not go to the field in dispute, nor nearer than half a mile; but witness, at that time, was the only tenant, and it was embraced in the lease then executed. Neither did the Sheriff, upon discovering his want of authority, and the amendment of his return, come again upon the land to restore the parties to their previous state.
Northrup/the agent of Porterfield for the management of the land, was examined for plaintiffs in eri'or, and proved that he had rented to one Bledsoe in the Spring of 1857, and that Bledsoe paid him the rent in the Pali of that year, when the crop matured, and gave him back the possession : that James T. Scott said to him, in the same Fall, that he had nothing further to do with the place, only to get his fodder and crop away, and use *486 the pasturo, and witness could rent it to any one be pleased, except the part which had his growing wheat on it, just sown, which he wished protected; that he talked to witness frequently between that time and the institution of the suit, and always told him he claimed under Porterfield; that witness, during the winter, requested Beaty, one of the plaintiffs in error, who lived near the land, to keep up the fences, and he and witness did, once or twice, fix up the fences; and in March, 1858, upon the land, witness rented the field in dispute to the plaintiffs in error, and told them to go in when they pleased; that James T. Scott then had his fodder in the field.
It does not appeal’, from anything in this record, whether the better title to this land is in Porterfield, or in Jones, Scott & Baker, as neither deraigns any title. Nor is this material. Jones, Scott & Baker resided in Philadelphia, and never had actual possession of the land; and their reliance' to maintain the judgment, is the supposed possession acquired by them through the wrongful act of Leo, the Sheriff, and its subsequent alleged invasion, by the entry of the plaintiffs in error, under the lease from Northrup, as agent of Porterfield, who resided in Nashville; and there is no evidence that he knew, at any time, that James T. Scott was holding under Jones, Seott & Baker, if the fact were so. Nor is there any reason to believe that Phillips or Northrup knew it, even if they had authority to enter upon and sue for the premises, so as to make notice to them bind Porterfield ; and the exact nature of their authority or agency does not appear. What transpired between James T. Scott and Northrup, as to the 'effect of *487 the Sheriff’s illegal act, in attempting to change the possession of the land, even if Northrup had any suitable power in the matter, could only serve to put him off his guard, since James T. Scott renewed his holding under Porterfield, and always claimed to Northrup to be Porterfield’s tenant.
It is plain, as we think, that the action of Lee, the Sheriff, and Swope, the agent of Jones, Scott & Baker, under the writ of possession, did not oust or destroy the previous possession of Porterfield, and that it continued as before — Jones, Scott & Baker having acquired no right to the possession. The Sheriff had no authority to interfere with Porterfield’s tenants, and what he did was merely void. The lease taken by James T. Scott of Swope was under a mistake of the facts and of the true state of the rights of the parties, and under pressure of the process, and void, as a fraud upon the possession of Porterfield. It has been often held, that where the claimant, by fraud, induced another to take a lease, or to enter under him, upon a false representation as to his title, the contract is vitiated by fraud : 11 Hum., 186-7; 2 Head, 433. It was not only wrongful and void as to Porterfield, but it placed James T. Scott under no estoppel as to Jones, Scott & Baker, and in truth, conferred upon them no right whatever.
It is apparent, here, from the facts, that James T. Scott did not receive the possession from Jones, Scott & Baker; but, that being in possession under and as the tenant of Porterfield, he merely, without actually being put off, yielded to the wrongful demand of the Sheriff and Swope, and under a total misapprehension of the Sheriff’s power and duty under the writ, and of his own *488 duty to Porterfield as his tenant, attorned to Jones, Scott & Baker. All this operated nothing, and he was still the tenant of Porterfield.
It will thus be seen, that Jones, Scott & Baker not only never acquired any right of possession, ■ but that Porterfield, from the 3d of October, 1855, a period of more than three years before the commencement of the suit, had held possession of this land by his tenants.
The charge of his Honor, the Circuit Judge, and the finding of the jury, being at variance with these views, the judgment of the Circuit Court must be reversed, and a new trial awarded.